IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC POOLE, | * |
| Petitioner, | * |
| v. | *   Civil Action No. JRR-22-2234 |
| WARDEN NINES, et al., | * |
| Respondents. | * |

***

## MEMORANDUM

Petitioner Eric Poole filed a Petition for Writ of Habeas Corpus. ECF No. 1. Respondents are Warden Jeff Nines and the Maryland Attorney General. Respondents filed a Limited Answer arguing that the Petition must be dismissed because it is successive and because Mr. Poole failed to obtain the requisite permission to file from the United States Court of Appeals for the Fourth Circuit. ECF No. 5. Mr. Poole also filed a Motion for Leave, seeking discovery and to expand the record. ECF No. 13. The Court addresses each of these submissions below. No hearing is required. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Court will deny the Petition as successive and will deny Poole's Motion for Leave (ECF No. 13). Further, a certificate of appealability shall not issue.

I.     BACKGROUND

On July 22, 2008, Mr. Poole filed a federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("2008 Petition"). Case No. 1:08-cv-01918-AMD; ECF No. 1. Mr. Poole challenged his 2002 convictions in the Circuit Court for Baltimore City for first degree murder and

related offenses. *Id.* at 1. Mr. Poole asserts two claims: (1) the state suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose its arrangement with witness Leon Wilkerson; and (2) trial counsel was ineffective because he failed to use two letters written by Antoine Lester to Detective Nevins as impeachment evidence at trial. Case No. 1:08-cv-01918-AMD; ECF No. 1 at 5-6. The Court issued a Memorandum and Order on October 7, 2009, dismissing Poole's 2008 Petition with prejudice. Case No. 1:08-cv-01918-AMD; ECF Nos. 20, 21. The United States Court of Appeals for the Fourth Circuit subsequently denied Mr. Poole's request for a certificate of appealability and dismissed his appeal. Case No. 1:08-cv-01918-AMD; ECF Nos. 31, 32.

On July 3, 2018, the Fourth Circui denied Mr. Poole's request to file a successive petition for habeas corpus (ECF No. 5-3), however, on September 6, 2022, Mr. Poole filed a second petition for habeas corpus relief in this Court, again challenging the same 2002 convictions in the Circuit Court for Baltimore City for first degree murder and related offenses ("2022 Petition"). ECF No. 1. Mr. Poole asserts that: (1) the state suppressed evidence in violation of *Brady v. Maryland, supra,* related to the testimony of Leon Wilkerson, and (2) his postconviction counsel was ineffective due to a failure to call his trial counsel as a witness during postconviction proceedings. *Id.* at 5-6. On November 14, 2022, Respondents filed a Limited Answer seeking dismissal of the 2022 Petition as successive. ECF No. 5. Mr. Poole filed a response asserting his actual innocence and filed a separate motion seeking discovery and expansion of the record. ECF Nos. 6, 13.

II.     ANALYSIS

Under 28 U.S.C. § 2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-

1307 (11th Cir.1996). This provision is jurisdictional – which is to say that absent a pre-filing authorization, the district court may not consider the petitioner's claims. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not define 'second or successive.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The Supreme Court, however, has explained "that the phrase 'second or successive' in § 2244(b) applies to the habeas petition itself, not to the petition's individual claims." *In re Gray*, 850 F.3d 139, 141 (4th Cir. 2017) (citing *Magwood v. Patterson*, 561 U.S. 320, 334-35 (2010)). Accordingly, "[t]o be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits." *Wigfall v. McCall*, No. 0:12-2090-RMG, 2012 WL 4981382, at *2 (D.S.C. Oct. 17, 2012) citing *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).

Mr. Poole's 2022 Petition is a second attack on the same convictions that were the subject of his 2008 Petition. Mr. Poole's 2008 Petition was finally adjudicated on the merits. Therefore, before this Court may consider the 2022 Petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the court to do so. 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because Mr. Poole has not complied with this gatekeeper provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3). The analysis is unaffected by his assertion of actual innocence based on his *Brady* claim. Section 2244(b)(2)(B) requires a showing of actual innocence based on newly discovered evidence, which demonstration must first be made to the Fourth Circuit. The power to determine whether a claim satisfies the requirements of § 2244 does not lie with the district court; rather, it "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004).

Petitioner has not provided an appropriate order from the United States Court of Appeals for the Fourth Circuit. This Court therefore lacks jurisdiction to consider this successive petition and the petition will be dismissed without prejudice.

### III.   CERTIFICATE OF APPEALABILITY

When a district court denies or dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Mr. Poole has not demonstrated that a certificate of appealability is warranted, and so the Court shall not issue it.  Mr. Poole is entitled to request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.   CONCLUSION

For the foregoing reasons, the Court will deny Mr. Poole's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. The Motion for Leave will, therefore, be denied as moot.  A separate Order follows.

| | |
|---|---|
| July 15, 2024 | /S/ |
| Date | Julie R. Rubin<br>United States District Judge |